MARGARET BURROWES v. JOHN T. GIBSON, MARY E. GIBSON, ELIZABETH D. KNIGHT AND WILLIAM H. GIBSON.

*Levy of execution on land—Description of premises.*

A certificate of levy on "lot 7 of the subdivision of lots 12, 13 and 14 of the Labrosse and Baker farms in Detroit," is not sufficient to charge a purchaser with notice that it is intended to cover "lot 7 of John Gibson's subdivision of lots 12, 13, 14 and 18 of the Labrosse and Baker farms, situated on the south side of Pine street, between Sixth and Seventh streets, according to the recorded plat of the same in the Register's office of Wayne county."

A levy of execution on real estate may describe the property by proper abuttals, but it is better to describe it by reference to the recorded plat, if any, and by the number of the lot and block as given thereon, together with such other descriptive facts as may be necessary to identify it.

·Appeal from Superior Court of Detroit. Submitted October 24. Decided October 30.

BILL TO SET ASIDE A DEED. Complainant appeals.

*Stewart & Galloway* for complainant. The description in a levy is sufficient if it so describes the property to be taken that it can be identified, *Wing v. Burgis*, 13 Me., 111; *Hart v. Rector*, 7 Mo., 531; *Marshall v. Greenfield*, 8 Gill & J. (Md.), 349; *Bates v. Bank of Mo.*, 15 Mo., 309; *Dygert v. Pletts*, 25 Wend., 402; *Huggins v. Ketchum*, 4 Dev. & B. (N. C.) L., 414; *Parker v. Swan*, 1 Humph. (Tenn.), 80; *Rollins v. Mooers*, 25 Me., 192; *Allen v. Taft*, 6 Gray, 552; *Jones v. Austin*, 10 Ired. (N. C.) L., 20; *Vance v. M'Nairy*, 3 Yerg., 171; *Jackson v. Walker*, 4 Wend., 462; *Boylston v. Carver*, 11 Mass., 515; *Hedge v. Drew*, 12 Pick., 141; *Biggs v. Blue*, 5 McLean, 148; *Webb v. Bumpass*, 9 Port., 201; *Randolph v. Carlton*, 8 Ala., 606; *Balch v. Zentmeyer*, 11 Gill. & J., 267; *Lisa v. Lindell*, 21 Mo., 127; *Douglass v. McCoy*, 5 O., 525; *Swartz v. Moore*, 5 S. & R., 257; *Inman v. Kutz*, 10 Watts, 90; *Swan v. Parker*, 7 Yerg., 490; *Trotter v. Nelson*, 1 Swan, 7; *Smith v. Low*, 2 Ired., 457; *Swigget v. Kolloch*, 3 Hous. (Del.), 326; *Solomon v. Breazeal*, 27 Ga., 200; *Wright v. Watson*, 11 Humph., 529; *Ives v. Kimball*, 1 Mich., 308; *Perkins v. Spaulding*, 2 Mich., 157; *Anderson v. Baughman*, 7 Mich., 69; *Wright v. Dunham*, 13 Mich., 414; *Bird v. Perkins*, 33 Mich., 28; *Smith v. Brown*, 34 Mich., 455; *Slater v. Breese*, 36 Mich., 77; *Wilt v. Cutler*, 38 Mich., 189; Freeman on Executions, § 281; it is not necessary that the terms used be such as to be understood by those not familiar with the property or the neighborhood in which it is situated, *Roberts v. Parry*, 2 D. & L., 430; it is sufficient for the purposes of a notice if it puts a purchaser on his guard, *Godfrey v. Beardsley*, 2 McL., 412; *Bander v. Covill*, 4 Cow., 60; *Bartolett v. Achey*, 38 Penn. St., 273; *Black v. Chicago etc. R. R. Co.*, 18 Wis., 208; *Booth v. Barnum*, 9 Conn., 286; *Farwell v. Smith,* 12 Pick., 87; *Stafford v. Ballou*, 17 Vt., 329; *Cooper v. Bigly*, 13 Mich., 463.

*Alex. D. Fowler* for defendant William H. Gibson.

GRAVES, J. This is an appeal in chancery by com-

plainant from a determination by the Superior Court of Detroit. The main facts alleged in the bill, so far as now material, are substantially as follows:

On the 9th of January, 1878, complainant recovered judgment in the Superior court against the defendant John T. Gibson for $262.75 and $12 costs; that just after the report in complainant's favor had been filed by referees to whom the case had been referred, and on January 3d, the debtor John T. Gibson deeded to his wife, the defendant Mary, lot 7 of the subdivision of lots 12, 13 and 14 of the Labrosse and Baker farms in the city of Detroit, then owned and occupied by him, without consideration and with intent to defraud complainant; that on the twenty-eighth of May, 1878, complainant caused an execution on said judgment to be levied on said lot 7 and also on several other parcels, and on the same day procured the levy to be filed in the office of the register of deeds for Wayne county; that the parcels levied on apart from lot 7 are of small value, and for reasons stated not available for any thing beyond a trifling amount; that on the 31st of May, and three days after filing of the levy, the defendant Mary E. Gibson, at the instance and in the interest of her husband, the defendant John T., deeded said lot. 7 to the defendant Elizabeth D. Knight, a resident of Cape Vincent in Jefferson county in the State of New York, for $2500, and for $950 thereof took back a mortgage on the lot; and that on the third day of June Mrs. Gibson transferred the mortgage to the defendant William H. Gibson, a brother of John T., and that the mortgage stands of record in the name of said William H. Gibson; that William H. Gibson was cognizant of the levy on lot 7 and of the fraudulent purpose of said John T. and his wife to prevent complainant from gaining any thing by the levy.

The bill charges the defendants with fraudulent intent, and avers that they respectively had notice of complainant's equities, and the court is asked to set aside the

deed from John T. to his wife, and that lot 7 may be held subject to the levy and sold under it, and that Elizabeth Knight and defendant William H. Gibson may be enjoined from transferring, encumbering or otherwise disposing of said lot or of the mortgage until the further order of the court.

The defendant William H. Gibson pleaded that he was a *bona fide* purchaser of the mortgage and added a demurrer, and also made answer to such matters as it was thought might be claimed to operate against the truth of the plea if left unanswered.

The plea having been allowed, a replication to it was filed and the parties went into proofs upon the issue so raised, and the court after a hearing on these proofs decreed upon the plea and dismissed the bill as to William H. Gibson, and the appeal is from that decree. In these circumstances, and whilst the question as to whether Elizabeth Knight purchased *bona fide* is left in abeyance, the right of complainant to insist here on a decree against William H. Gibson on his plea is not evident. But as counsel have not noticed this condition of the case, and our opinion is against complainant on his own ground, we shall not base our conclusion upon any supposed infirmity in the present shape of the litigation.

The substantial controversy here is whether the description in the levy of the lot 7 in question was sufficiently full and correct to charge the public with notice through the certificate placed on file.

The proposition is stated in this way because the question is not what sort of description might suffice as against parties having actual knowledge, or what might be deemed a sufficient description in itself considered, to constitute a valid levy; but it is what is sufficient to make the filed certificate afford constructive notice. And we are satisfied that this levy lacks the requisite certainty.

The lot 7 deeded to Elizabeth Knight, and on which the mortgage rests and to which the complainant seeks to apply the levy, is lot 7 of John Gibson's subdivision of lots 12, 13, 14 and 18 of the Labrosse and Baker farms, situated on the south side of Pine street between Sixth and Seventh streets, according to the recorded plat of the same in the register's office of Wayne county, and the levy is described as on lot numbered 7 of the subdivision of lots numbered 12, 13 and 14 of the Labrosse and Baker farms, so called, in the city of Detroit.

The discrepancy is very glaring. The lot we are in quest of is not a portion of the surface which is defined by natural marks or distinguished by some name or other feature which is notorious, but it is a specific area which might perhaps be indicated by proper abuttals, although the better description, if not the necessary one, is by reference to the plat and by the number of the lot and block as given on the plat, together with such other descriptive facts as may be practicable and essential for the purpose of identification.

Now the levy gives no abuttals and points out no plat. The lot 7 it specifies is said to belong to the subdivision of lots 12, 13 and 14, and not to John Gibson's subdivision of lots 12, 13, 14 and 18 according to the recorded plat. Again it does not assign the subdivision to any block or mention any block. The John Gibson subdivision is on block 13. We have then in the one case a John Gibson subdivision of four specified lots on a specified block according to a recorded plat, and in the other a subdivision of three specified lots made by some one not named, and not located on any block and not referred to any plat.

It is, we think, not possible to hold that the lot 7 in the levy was so described there as to affect the public with notice, through the certificate, that the lot 7 of the John Gibson subdivision was meant.

The difficulty is not merely that the description in the levy has fewer badges of identification than were

practicable, and should have been given. It goes further. Instead of being only a blind guide to the lot claimed, the description is a misleading one which points somewhere else. Upon the whole, we agree with the court below and affirm the decree with costs.

The other Justices concurred.